**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM LUX,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:05CV757-DJS |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION

In Cause No. 4:04CR228-DJS, movant William Lux pled guilty to a charge of possession of an unregistered destructive device in violation of 26 U.S.C. §5861(d), and was sentenced by this Court on November 18, 2004 to a term of 50 months' imprisonment to be followed by a supervised release term of two years. No direct appeal was taken. Now before the Court is Lux's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255.

Movant presents a single ground for relief, arguing that his sentence was unconstitutionally enhanced by four offense levels "for drugs not on the indictment." Motion [Doc. #1], p.5. The Court's Sentencing Guidelines computation included the addition of four points to the offense level under §2K2.1(b)(5) for movant's possession of the firearm in connection with another offense, namely felony possession of a controlled substance.

No objection was made at the time of sentencing either to the factual basis for the increase or to its legal propriety. As has already been noted, movant failed to appeal his sentence. For movant's failure to preserve the issue at those earlier stages, the ground can be rejected.

> The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165...(1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987)...[Movant] is barred from bringing an action under 28 U.S.C. §2255 for unappealed errors to which no contemporaneous objection was made, unless he can show "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, *supra*, 456 U.S. at 168[.]

Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992). No such cause and prejudice has been argued or demonstrated.

Movant's ground for relief might be construed as asserting a claim under the theory of United States v. Booker, 125 S.Ct. 738 (2005), that a fact not pled in the indictment was unconstitutionally used as the basis for an increase in his punishment. Movant's conviction became final in November 2004 after he failed to take an appeal. Booker was decided in January 2005. The Eighth Circuit has now held that the rule announced in Booker "does not apply to criminal convictions that became final

2

before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005).

Furthermore, in his plea agreement, movant expressly agreed to the 4-level upward adjustment he now challenges. Plea Agreement [Doc. #24 in 4:04CR228-DJS], pp.6-7. Having agreed to the application of the increase, movant cannot now obtain relief by challenging the increase to which he stipulated as part of his negotiated guilty plea. This is particularly so where movant also agreed to the application of the Sentencing Guidelines to determine his sentence, and agreed that the Court could find facts pertinent to the application of the Guidelines by a preponderance of the evidence. Id. at 2. By such an agreement, movant forfeited the constitutional argument he now makes. Finally, as the government points out, movant waived the right to seek relief under §2255 except on grounds of prosecutorial misconduct or ineffective assistance of counsel. Id. at 3. Movant thereby bargained out of his right to make the instant claim in a motion to vacate.

For all the foregoing reasons, and upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28

U.S.C. §2255 will be denied by a judgment entered separately herein this day.

Dated this  5th  day of October, 2005.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE